All rise. The Little Mountain Public Court Fifth Division is now in session. Honorable Justice Jesse G. Breyer is the presider. Good morning. Good morning. If counsels would allow you to please approach. State your names for the record. Good morning, your honors. Jonathan Novoselsky on behalf of the plaintiffs' appellants. Good morning. Marty O'Hara for the Appellee Leon Lome. Okay. Fifteen minutes apiece. Do you want to save some time for rebuttal? I would, your honor, yes. How much time? Three minutes, please. Three minutes? Okay. All right. Thank you. You may proceed. Good morning again. May it please the court. Can you just keep your voice up a little? Yes, sorry, your honor. And that only records you, so if you don't speak up, we won't get your recording. Okay. I'll try to enunciate. This case arises out of facts that occurred in 2010. Defendant to this action, Leon Lome, filed suit against the plaintiffs to this action in the Circuit Court of Cook County. His repressive relief was denied by the Circuit Court and then was later affirmed by this court denying that same relief. Following that, the corporation in question here was dissolved by the parties, and they each formed their own separate medical practices. During the course of the windup of this corporation, Dr. Lome was paid monies out of the corporation's operating account. He was paid this money by plaintiffs Schacht and Vasilopoulos under the pretenses that it was in the due course of this windup. Counsel, let me ask a question. How did the trial court exactly abuse this discretion here? In denying plaintiffs' motion for an extension of time to file a response to defendant's motion to dismiss, this trial court didn't allow plaintiffs to even present this motion. It was scheduled through the Law Division clerk's office on the regular motion call of Judge O'Hara. It was never- I just want to stop because we don't have the answer to this in the material we have. What happened the first time you scheduled on March 4th that it was stricken? Were you there? We were there. He wouldn't even allow us to present it. He wouldn't even enter an order that date. He just said, you can't present this motion. Correct. That is exactly correct. Two days later on March 6th, he again said, you were there? Right. You. Were you there? I was personally not there. What was there? Another associate, an associate working with the firm, Mr. Edwards. What was there? Wait, wait. Who was there on the 4th and who was there on the 6th? Because the record doesn't reflect that. I know. I can't even imagine. I can't imagine a judge saying, you can't do this on a strike. And two days later, you can't do a strike. And then, I think it's then on the 13th, it's up again. Right. He wanted the motion to be presented on the regular case management date, despite the fact that the clerk's office had scheduled it. Are you saying that that's what someone told you? That is what the judge told us. You weren't there. That's what I'm saying. Who said that? That's what the judge said. I was actually employed by the firm representing the plaintiffs at the time. The associate covering the case was told this by the court. I was there on the 4th. I was not there on the 6th. Were you there on the 13th? I was not there on the 13th. The associate covering the case for this firm was there on the 13th. But there was no allowance for any response to be filed because of the – Well, let me ask you this. I'm sorry. I'm sorry. It just doesn't make any sense to me in the normal course of things. You filed a motion. I forgot the date of it now. But you asked for a date 14 days later to file your response. Why did it never get filed by the May date that the judge made its ruling when you asked for 14 days to do it? Why didn't you come in and stand to try to file it? He never gave us leave to file it. Did you ever ask leave to file it? We did through the course of filing the motion, which we – No, you asked for additional time. Then an additional 14 days and two months passed. So that's what I'm saying. Did you get it ready and bring it to court and say, Judge, I'd like to file this and stand to it? Did that ever happen? Was he ever presented with, before the date that he ruled on – I'm guessing that he can't even remember who the judge was – from March to May. Did anyone come in and bring your response? No, because we had no leave to file it. I'm sorry, you had no what? We didn't have leave to file it. Okay. You didn't ask for leave to file it, am I correct? You asked for an extension of time to file it. Correct. Did you ever come in with the document prepared asking leave to file it? See, therein lies sort of the catch-22 that plans are put in here. If we didn't have it prepared, we would not have needed the extension to file it. Yeah, I understand that you asked for 14 days for an extension to file. More than 14 days passed, more than 30 days passed, more than 60 days passed, and you never came in with what you asked, 14 days for leave to file. Is that correct? That is correct. In other words, you never had it prepared. Correct, Your Honor. What was going to be in this document that was going to be so important? It's a response to a motion to dismiss. What was it going to say? It would address the different distinctions between the two lawsuits. I understand that it would do that, but what was going to be in there that would change the judge's ruling on the motion to dismiss? It would have addressed the substance of the motion without any arguments to the contrary. There's nothing to contradict anything raised in the motion. You're not answering the judge's question. He said what would have been your response to this is the same parties and this is the same cause of action. You claim that the defendants are perjuring themselves and lying, and so you want to get their lawyer thrown off and off the case and stop the dissolution because they ratified the contract. What else were you going to do? I mean, you said that already. What were you going to say in the motion in contravention to the 6903? Right. We would have pointed out the difference in the factual basis of the two lawsuits. This was relating to Dr. Long's conduct during the course of the dissolution. The motion has everything to do with the monies he was paid out from the operating account and not the underlying. No, which is the same thing you said in the other case. That's what I'm saying. What would you say? I'm sorry, that's what Judge Gordon said. Now I'm just hooking onto it because it just doesn't make any sense to me. What would you say? Let me ask you this. Let's try to make it simple. Okay. There was a pending lawsuit between the parties. Correct. So that pending lawsuit was still pending when the judge dismissed this. So why couldn't you put whatever you wanted in that lawsuit? That is something that is beyond my knowledge. Isn't that what this is all about? If there is a pending case and there is something that is missing from the pending case, you could go to the pending case and put it in there. That's the problem with your arguments here. I mean, you're asking for academic things that aren't practical. I mean, nobody wants to deny anybody their rights. It seems that you have all your rights. You can't show us what rights were taken away. I believe what we're arguing is that the right to file a response and address the differences between the two.  When you say a right to file a response, when we look at this thing as for an abuse of discretion, we have to say that no judge would do that. I don't know that we could say that in this case. You haven't given us anything that would give us an indication that that would be the case. So you have this pending lawsuit. If you want to say that your facts are different than those facts, I'll buy that. I'll buy that. So then go put those in the other case. Well, you've got the same parties. Why not? I think the issue here, respectfully, is we were never really given an opportunity to explain how they were different. The motion was struck. It was struck a second time. Then before it was even... Yeah, but you don't seem to be prejudiced in any way. I think we were prejudiced by not being able to put our explanation for the difference in these two cases in writing. Well, let me ask you this. The employees argued that actually there was a lack of due diligence on the client's part in terms of filing this motion, not appearing in court. They indicated on the 4th and the 5th, or I think it was the 4th and the 6th, no one appeared in court. He asked for an opportunity to amend the motion. That never was done. So then the judge ultimately struck the motion. Unfortunately, the record is silent as to whether or not somebody was there. I will say that I personally was there on the 4th. I know for a fact somebody was there on the 4th. I thought you just said you weren't there on the 4th. No, I wasn't there on the 6th. No, you said, we can look at the tape, you said you were not there on the 4th, you were not there on the 6th. You just said that. I might have misspoke. I was there the first time it was presented, but not the second time. You were there when Judge O'Hara just struck it. Just said. So did they get their facts wrong? I believe it might have been a misunderstanding based on the time that it passed between when the briefs were filed and the fact that the record is silent. I mean, it's a. I do have a question now because I think I'm losing it. On a date in February, you set the motion of just picking a time out, but according to what I've read, you filed the motion on a date in February for a hearing date on the 4th and also on the 6th on the same motion. Is that correct? It is. You filed the one for March 4th at, I'm going to say 2 o'clock, and then the one for March 4th at 6 o'clock. I mean, sorry, for March 6th at 3 o'clock, an hour or two between them. Were you intending, I mean, were you intending on withdrawing the one from the 4th and just setting it for the 6th? Unfortunately, I'm not entirely certain why that occurred. Again, I was an employee and I am handling the appeal and I am knowledgeable of the facts. I'm just not entirely certain of the decision-making process as to why it was scheduled twice. I wish I knew. And when the judge struck it on the 4th and you were there, that's what you just said, right? Right. You were there. You knew on the 4th it was rescheduled for the 6th? Correct. Okay. And on the 6th you didn't show up, but someone else? That is correct. Another associate at the firm I was working at the time, Mr. Stowiecki, showed up. Was the defendant's lawyer there on the 4th or the 6th? The 4th when you were there? He was there on the 4th. Who was the lawyer who was there on the 4th? Mr. O'Hara was there, I believe. I'm not entirely certain as to the identity of who from the firm. Did that guy get in there? Or somebody from his firm. What about the issue about the response? The appellees also argue that from March until May, close to the time when Judge O'Hara finally ruled on the motion, there was no response filed. That is correct. We were denied leave for the extension of time to file the response. So we had no leave of court to file it. You didn't ask for a leave of court to file it, though? Right. Okay. All right. That's where it was. And you know you could have prepared a document and filed it in the record at any time. I understand that. And then we would be able to look at it. I understand. And decide whether that would have been something that prejudiced you. But you didn't do that, did you? No. Okay. So between in that time period, there was no response filed. And unfortunately, the ruling date had already been set. And the court ruled without the benefit of the response, which I believe if we had filed it would have addressed the Now he didn't say that until the day that he ruled, all right, May 19th date. From the March, what is it, 13th date to the May something date. And you didn't file anything. When he was ruled, that's when he said, and by the way, I didn't need a response. Unfortunately, there was no court reporter present. So we have no record of what the exact words that were said. Were you there on the date the judge ruled? I was. And he ruled. It was a simple ruling. It just said the motion is granted. Motion to dismiss is granted. It was a very matter-of-fact ruling. There was no argument heard. There was no. And when the judge ruled, did he previously set an order indicating I'm going to rule on such and such a date? Yes, I believe that was from the March 13th date. It was set. These were all done in what looked like case management orders. So there's no written ruling. There's no written discussion of why the motion was denied. It's all very, unfortunately, vague on the record. This is why I feel we were prejudiced, because we have no benefit of a written record here. Okay. And I do understand that some of this is our fault for not filing the response. Oh, wow. I want to go back to Judge Gordon's question, though. The judge struck it as 6-19-3, because there's another suit coming with the same parties and the same cause of action. As Judge Gordon said, the allegations that you wanted to make in this separate suit that you filed, why can't you just make them in this suit that was filed by Dr. Long? I think that's an issue where we could have, but we didn't necessarily have to. They could have been brought as a separate suit. Why, when you've got the same parties and the same cause of action, the same facts? I mean, every fact that you're saying to us now that you filed in the second suit were allegations that you made in the first suit in response to the defendants' attack on the dissolution. Right. I mean, what's different? That's what I'm asking. I'm trying to see. I understand. That is different. You don't get to file a second suit just because you want one. If there's another one where you can get your relief. Well, piggybacking on that, is the first lawsuit still pending? Yes and no. It was dismissed as to one party with prejudice, dismissed without as to another party, and then it's been refiled while all this was pending. So you still have an opportunity to, as Judge Lankman indicated, assert whatever you wanted in the second lawsuit and the first lawsuit? In theory, I believe that would be the case, yes. You had that opportunity to do it when the first lawsuit was pending before you had any of these dismissals with Samuel Patrick. Right. You know, as a court of review, the way I look at it, is I want to make sure that everybody gets to tell their side of the story. I think that's important in our American judicial system. And it doesn't appear that you will have a problem in telling your side of the story in the second case. Hopefully not. So here what you want us to do is find that technically you should have been given leave to file your answer, so therefore this lawsuit should be pending also. But that's not what the law says as far as you having the opportunity to tell your side of the story. You still have that opportunity. Okay. Anything further? No, nothing further, Your Honors. Thank you. All right. Thank you. Ronan? Thank you, Your Honors. May it please the Court. I want to clear the record. You have no relation to the judge here. No. I know that. I just wanted the record to be clear. He's made that clear in court that there is no relation. Ultimately, I think it comes down to really the simplest of issues. In the first case, the question has always been the dissolution of this professional corporation. That's the question. And Dr. Schacht and Vassilopoulos have raised a lot of arguments as to why Dr. Loehm can't proceed. One of those is they say, well, Dr. Loehm, you accepted the benefits of the dissolution. We disagree with that. We know that's an issue in the first case because, as Justice Lampkin pointed out, they tried to disqualify us based on that. They filed a motion to compel to break the attorney-client privilege based on that, which were both denied. They then moved to dismiss, saying Dr. Loehm can't proceed because he accepted the benefits, which also was denied. What they then did is just file a separate lawsuit that effectively asserts their defense. And in thinking about it, you know, in every case, let's say I'm the defendant, and I say plaintiff's suit is barred by res judicata. That's my argument. I believe there's something happened before there's a judgment that bars their claim. And the court says, deny your motion to dismiss. What they would do here is file a separate lawsuit against the plaintiff and say, you're committing fraud because you're not accepting our argument that res judicata bars you from proceeding. Was there an attempt made to consolidate the matters? There was not. No, Your Honor. No. We thought that the most appropriate way to handle it was an 8-3 motion because it is not closer to the same parties, identical parties, and the only issue goes to this dissolution of the corporation. And we've said in there, as Justice Gordon pointed out, we've said they have raised the issue in the underlying case. It's already there in the first case, and there's nothing to prevent them from raising the issue. They have already done it. So we believe that the more appropriate way was through an 8-3 motion rather than on a motion to consolidate because we just didn't think it was appropriate to file a new lawsuit that essentially asserts a defense in the first case. And what about this timing issue? They say that they weren't given an opportunity to file a response, and it appears that maybe no one was there, maybe someone was there. I know what the record shows is that on those two dates, March 4th or March 6th, it appears to be an order entered by the court itself striking it, which tells me the only time I've seen that rather than a lawyer drafting the order is because nobody was there. Now, we were there on the 20th. That was the time we got a notice that was a motion for extension of time filed on March 13th. Notice for the 20th. We appeared in front of Judge O'Hara. I personally was there. Explained to him what the motion was. To Justice Lampkin's point, my recollection is Judge O'Hara saying, well, you filed some prior motion asking for two weeks. We're long past the two weeks you asked for before. Do you have a response? And the answer was, no, we want more time. Remember, we filed our motion in December. And Judge O'Hara simply said, it's an 8-3 motion. We're going to have to look and see whether there's another action pending between the same parties for the same cause of action. I can determine that based on the papers. And that's what I'm going to do. But he did set it out for ruling. It's not like on that day he said, oh, if you haven't responded, therefore, defendant wins. He says, I'm going to take it under advisement. He sets it out almost two months to May 19th. And at no time does the other side come in and say, we want you to file in stancer, Your Honor. We want you to consider this during the period of time that you're looking at this. Were any orders entered denying of that request? No, never. Absolutely never. They just sat silent from March 20th to May 19th. And then Judge O'Hara rules. Then they file an appeal and claim he abuses discretion. But in the end, the question becomes, is it properly dismissed under A3? And with all due respect, I don't think that's a close call. Because the case law says, is it based on the same occurrence or transaction? There's only one occurrence or transaction. It's the dissolution of the professional corporation. I don't think Judge O'Hara, I don't think he found it to be that difficult of a question. And I think he obviously felt like he could rule based on the papers, even though he didn't have a response. And they never came and gave him a response. So with all due respect, both on not giving them additional time and on the ruling itself, both of which have to be looked at under an abuse of discretion standard, I submit that Judge O'Hara didn't abuse his discretion on anything he did. The cause of the argument indicated that the first lawsuit may still be pending. Part of it may be dismissed. Is it still pending? Yes, it is. Against Dr. Vasilopoulos? Yes. It's now assigned to Judge McGrath. And I just have one question, because I thought I heard you say this, but I'm not sure. For the March 4th and the March 6th date, did you say you did or did not get notice of that date? Or were you there? You know, I went back and looked, and I can't find anything in our system showing that anybody was there or that I communicated with the client about anything that happened or that I communicated. But the orders striking from March 4th and March 6th are not prepared by you or the plaintiff's lawyers. They are prepared by the judge. My recollection in looking in the record is that that was the case, Justice Lampkin. I think when I was looking at this and looking at the record, that's what struck me as being usually you see that when nobody appears in the court to handle its own calendar, obviously issues a motion. But, again, certainly everybody was there on the 20th, and Judge O'Hara did hear from both sides. Thank you. Good morning again, Your Honors. Very briefly, I'm just going to address the issues of if somebody was there on the 4th. I recall that there was an order pre-prepared by the court when we got there on the 4th. So the court had already – Can you speak up a little louder? The court prepared its own order on the 4th. But you just said pre-prepared. Well, I'm sorry. Okay. Again, I'm misspeaking. You should not, though. Yes. Okay. There's certainly an implication there that I don't want to hear. No, no. I'm not implying that. Okay. The court prepared its own order on the 4th despite attorneys being present. It might appear, based on the silence of the record, ordinarily you don't bring a court reporter to a motion for an extension of time. So we had no benefit of having a written record of how that order got entered by the court. I know for a fact, at least on the 4th, I was there. On the 6th, I know an associate went over. I don't recall from the record whether that was prepared by the court or by an attorney. Again, it's on a case management form order. But we did attempt to present it twice, if not three times, counting the 20th when that was the preset case management date which Judge O'Hara wanted the motion presented on, rather than on the regular motion call scheduled by the clerk's office on the 8th floor. Other than perhaps clearing up that misunderstanding, I really have nothing further to add. Okay. I just had one. You made me think of one other thing. You filed something on March 13th, right? For hearing on your motion for extension on March 20th? Procedurally speaking, I'm not 100% sure on how that happened. He might have told us, he meaning Judge O'Hara, might have told us to re-present the motion and we had to re-spindle it with the clerk's office. Unfortunately, this is a long period of time and I know this is one of the last things justices like to hear, but this was not my case at the time I was working on it, so I'm not entirely certain on the mechanics of this. You can if you're stuck with it. I am, unfortunately. I don't want to say unfortunately. It gives me an opportunity. It's your case now. It is. I just don't know how it got up on the, how it was re-spindled. And that's all I have. Thank you, Your Honors. All right. Thank you. Okay. I want to thank counsels. The court will take this matter under advisement and the court's adjourned.